UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Henry Sharper, | ) C/A No. 2:09-777-JFA-RSC | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| South Carolina Department of Corrections; Malone, Thompson, Summers & Ott; and Paige J. Gossett, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The *pro se* plaintiff, Henry Sharper, brings this action pursuant to 42 U.S.C. § 1983. Sharper is an inmate at the South Carolina Department of Corrections (SCDC). The gist of the plaintiff's complaint is that the SCDC discriminated against him with regard to wages he was paid while working at the prison industry.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein he suggests that this court should be summarily dismissed and further, that the action should be deemed a "strike" for purposes of the so-called "three strikes rule" of 28 U.S.C. § 1915(g). The Report sets forth in detail the relevant facts and standards

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

of law on this matter, and the court incorporates such without a recitation.

The parties were advised of their right to file objections to the Report and Recommendation, which was entered on the docket on April 2, 2009. The plaintiff has timely filed a three page objection memorandum.

The Magistrate Judge's suggestion to dismiss this case rests upon well-established doctrines. First, because it is clear that the plaintiff is seeking to challenge the results of an on-going state court action he filed against the defendants in this case, this action is barred by the *Rooker-Feldman* Doctrine that generally prohibits litigants who are dissatisfied with their result in state court from seeking to have a federal court overturn the state court decision. *See, e.g., Davini v. Virginia Dep't of Transp.*, 434 F.3d 712, 713 (4th Cir. 2006).

The Magistrate Judge also suggests that one of the defendants, former Administrative Law Judge Paige Gossett, enjoys absolute judicial immunity for acts taken in her capacity as a judge. The Magistrate Judge is also of the opinion that the Eleventh Amendment bars this action against the State of South Carolina. Finally, the Magistrate Judge suggests that the action against the lawyers who appeared opposite the plaintiff in his state court action must be dismissed because attorneys, whether they be retained, appointed, or public defenders are not state actors for purposes of § 1983.

Unfortunately, the objection memorandum filed by the plaintiff sheds little light on any of the grounds upon which the Magistrate Judge's Report and Recommendation rests. The objections consist of little more than a chronology of the actions that have been filed by

the plaintiff in various courts, state and federal. The plaintiff provides no basis for disturbing the Report and Recommendation, and thus the objections are overruled.

After a careful review of the record, the applicable law, the Report and Recommendation, and the objections thereto, the court finds the Magistrate Judge's recommendation proper and incorporated herein by reference. Accordingly, this action is dismissed without prejudice and without issuance and service of process. This action is also deemed as a "strike" under 28 U.S.C. 1915(g).

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

Joseph F. Anderson, Jr.
United States District Judge

May 1, 2009
Columbia, South Carolina